COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | § | |
|---|---|---|
| IN RE | § | No. 08-21-00123-CR |
| | § | |
| BILAL MUHAMMAD, | § | AN ORIGINAL PROCEEDING |
| | § | |
| Relator. | § | IN MANDAMUS |
| | § | |

## MEMORANDUM OPINION

Pending before the Court is Relator Bilal Muhammad's motion for rehearing. We deny Relator's motion for rehearing, withdraw our opinion and judgment dated August 17, 2021, and substitute the following opinion in its place.

Relator Bilal Muhammad has filed a pro se writ of mandamus petition challenging a bond revocation order and new bond order issued by the Honorable Peter S. Peca, judge of the 168th District Court. Muhammad is currently under indictment for murder. In his petition, Muhammad asks this Court to vacate the revocation order and compel the trial court to issue an order that comports with the terms and conditions of a previous bond order Muhammad received, albeit with a certain housing condition removed. Muhammad has also asked for an emergency order releasing him from confinement. We will deny the petition for a writ of mandamus at this time.

1

First, El Paso County records show that Muhammad is currently represented by three attorneys: Joe Spencer, Heather Hall, and Felix Valenzuela. Criminal defendants are generally not entitled to hybrid representation in which they represent themselves while also being represented by appointed counsel, and a court, including an appellate court, is free to disregard any pro se motions presented by a defendant who is represented by counsel, since the pro se motion presents nothing for the court to review. *See In re Alexander*, No. 01-21-00335-CR, 2021 WL 2931347, at *1 (Tex. App.—Houston [1st Dist.] July 13, 2021, orig. proceeding) (mem. op., not designated for publication). As such, we may deny Muhammad's petition on this ground.

Alternatively, to the extent we may consider the petition on the merits, we find that Muhammad has not shown he is entitled to mandamus relief. The petition does not show that the trial court's actions constituted an abuse of discretion. *See State ex rel. Young v. Sixth Judicial District Court of Appeals*, 236 S.W.3d 207, 210 (Tex.Crim.App. 2007) (to obtain mandamus relief, relator must demonstrate that he does not have an adequate remedy at law and that the act he seeks to compel is a ministerial act not involving a discretionary or judicial decision); *Ex parte Gomez*, 624 S.W.3d 573, 576 (Tex.Crim.App. 2021)(trial court bond decisions are reviewed for abuse of discretion).

Further, to the extent Muhammad is arguing that the trial court has unreasonably failed to timely rule on the merits of a *pro se* writ of habeas corpus he has filed with the trial court, we find that Muhammad's petition does not establish he is entitled to a writ of mandamus to compel a trial court's decision based on the less than one month delay between the time he filed his habeas petition with the trial court and the time he filed this mandamus petition with this Court. *See In re Gomez*, No. 08-21-00035-CR, 2021 WL 2389647, at *1 (Tex. App.—El Paso June 11, 2021, orig. proceeding) (identifying factors to consider in ruling delays as (1) seriousness and complexity of

2

the pending motion, (2) the court's actual knowledge of the motion, (3) the state of the trial court's docket, (4) the existence of judicial and administrative matters which the trial court must first address, and (5) the court's inherent power to control its own docket).

For the abovementioned reasons, the petition for writ of mandamus is denied. All pending motions are denied as moot.

GINA M. PALAFOX, Justice

February 9, 2022

Before Rodriguez, C.J., Palafox, and Alley, JJ.

(Do Not Publish)